11 BROWN, Judge,
concurring.
I agree that the trial court was correct in determining that it was reasonably foreseeable that Kevin Miles would be allowed by Darius Shirley to drive the truck. The truck was owned and insured by Darius’ father, Ronald Shirley. Kevin and Darius were college roommates. Because he was a widower and needed help with his minor son, Ronald Shirley invited both boys to move into his residence and commute to college. Kevin’s vehicle became inoperable. Although Darius had complete use of the truck, this permission was limited by an admonition not to let Miles drive. Regardless of the reason, such a restriction, under these circumstances, was unrealistic.
This case highlights the problem with having coverage depend on a factual determination of the scope of the initial permission (to Darius) provable by self-serving restrictions (not to allow Kevin to drive) articulated after the accident. Such a rule renders coverage uncertain, fosters unnecessary litigation and does not comport with our state legislative policy of assuring an available fund for the innocent victims of an automobile accident. Norton v. Lewis, 623 So.2d 874 (La.1993). Louisiana law requires that all vehicles be covered by liability insurance. Thus, “the denial of coverage on the basis of familial prohibitions, reconstructed postaccident, is wrong” and should be found contrary to public policy. See Perkins v. McDow, 615 So.2d at 317, concurring opinion.